| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF Greenville | ) | |
| Daniel Williams | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| vs. | ) | 2015-CP-23-05751 |
| The Prudential Insurance Company of America, and MasTec, Inc. | ) | EXHIBIT A |
| Defendant(s) | ) | |

FILED-CLERK OF COURT
GREENVILLE CO. S.C.
PAUL B. WICKENSIMER
2015 SEP 18 PM 12 30

| Submitted By: John R. Peace | SC Bar #: | 15521 |
|---|---|---|
| Address: 1225 S. Church S | Telephone #: | 864-298-0500 |
| Greenville, SC 29605 | Fax #: | 864-271-3130 |
| | Other: | |
| | E-mail: | |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.  ☒ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☒ Other (699) Erisa | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _____    Date: 9-18-15

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (04/2012)                                    Page 1 of 2

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF GREENVILLE ) C.A. NO. 2015-CP-23-06751

Daniel Williams, )
      Plaintiff, )
)
vs. ) **SUMMONS**
)
The Prudential Insurance Company of )
America, and MasTec, Inc. )
)
      Defendants. )

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at **1225 South Church Street, Greenville, South Carolina 29605**, within thirty (30) days after service hereof, exclusive of the day of such service. If you fail to answer, appear or defend, the Plaintiffs will apply to the Court for the relief demanded in the Complaint and judgment will be taken against you by default.

Respectfully Submitted,

/s/ John Robert Peace
John Robert Peace, Esq.
PO Box 8087
Greenville, SC 29604-8087
Ph: (864) 298-0500

September 18, 2015

**Attorney for Plaintiff Daniel Williams**

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF GREENVILLE ) C.A. NO. 2015-CP-23-05751

Daniel Williams, )
)
      Plaintiff, )
)
vs. ) COMPLAINT
)
The Prudential Insurance Company of )
America, and MasTec, Inc., )
)
)
      Defendants. )
_____)

Plaintiff Daniel Williams, by and through his undersigned counsel, complaining of the above-named Defendants would respectfully show unto this Honorable Court the following:

## JURISDICTION AND VENUE

1. Prior to his disability, Plaintiff was an employee of Defendant MasTec, Inc. (hereinafter "MasTec").

2. At all times material to the allegations contained here, Plaintiff Daniel William was a participant in the MasTec Long Term Disability Plan (hereinafter "the Plan").

3. Defendant MasTec created employee welfare benefits plans for the purpose of providing long term disability (LTD) benefits to its employees.

4. Plaintiff is informed and believes that the name of the employee benefit plan in question is the MasTec LTD Plan (hereinafter "the Plan").

5. Defendant MasTec established and/or maintained a policy of group insurance with Defendant Prudential Insurance Company of America (hereinafter "Prudential") in order to provide LTD benefits to its employees who chose to participate in the Plan.

6. Defendant Prudential is the insurer and claims administrator of the Plan.

7. Defendants MasTec and Prudential are each fiduciaries with respect to the Plan.

8. The Plan is governed by the Employee Retirement and Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq*.

9. Pursuant to 29 U.S.C. §1132(e), this Court has jurisdiction over Plaintiff's claims.

## FACTUAL ALLEGATIONS

10. Prior to his disability, Daniel Williams enrolled in the LTD Plan.

11. Daniel Williams's last day at work was on or about December 13, 2012.

12. Since December 13, 2012, Plaintiff has been unable to perform the material and substantial duties of his Own Occupation, as well as Any Gainful Occupation, due to lower back pain.

13. After he became disabled, Plaintiff applied for LTD benefits.

14. Prudential approved Plaintiff's claim of Long Term Disability benefits from June 11, 2013 to February 28, 2015 under an Own Occupation definition of Disability.

15. By letter dated February 24, 2015, Prudential denied Plaintiff's continuing claim for LTD benefits.

16. On August 21, 2015, Plaintiff appealed Prudential's LTD denial decision.

17. On September 17, 2015, Defendant Prudential denied Plaintiff's LTD benefits appeal.

18. Plaintiff has exhausted all administrative remedies under the Plan.

19. Despite Plaintiff's continuous total disability since December 13, 2012, Defendants have wrongfully failed to pay LTD benefits to Plaintiff as required by the Plan.

## CAUSE OF ACTION
### Plaintiff's Claim for LTD, pursuant to 29 U.S.C. §§ 1132(a)(1)(B)

20. Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

21. Plaintiff has been totally disabled from performing the material duties of his regular occupation or any other occupation for which he is reasonably qualified since December 13, 2012.

22. Plaintiff is entitled to LTD benefits under the Plan.

23. Plaintiff has been totally disabled from performing the material duties of Any Gainful Occupation for which he is capable of performing by way of education, training, or experience, and is entitled to LTD benefits to his retirement age under the terms of the Plan as described above.

24. Plaintiff seeks LTD benefits under the terms of the Plan, to enforce his rights under the terms of the Plans, and to clarify his rights to future benefits under the terms of the Plans, pursuant to 29 U.S.C. §1132(a)(1)(B).

25. Plaintiff respectfully requests that the Court order each Defendant to pay all amounts due and owing for the Plaintiff's LTD benefits under the terms of the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B).

26. Pursuant to 29 U.S.C. §1132(g), Plaintiff also respectfully requests that the court grant Plaintiff's attorneys fees and costs.

**WHEREFORE,** Plaintiff Daniel Williams prays for judgment directing Defendants to pay Plaintiff's LTD benefits pursuant to the MasTec Long Term Disability Plan, attorneys fees and costs, and all such further relief as the Court deems just and proper.

Respectfully Submitted,

_____
John R. Peace, Esq.
PO Box 8087
1225 S. Church Street
Greenville, SC 29604-8087
Ph-   (864) 298-0500
Fax-  (864) 271-3130

**Attorney for Plaintiff Daniel Williams**

September 18, 2015

Summons and complaint of within entitled cause received at this office and service accepted in accordance with law this 23 day of Sept

Raymond S. Farmer
Director of Insurance
and Attorney to Accept Service
Columbia, SC